IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41592
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN MOSELY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CR-80-1
_____

January 27, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Justin Mosely appeals his sentence as a career offender under the sentencing guidelines. Mosely was charged in a single-count indictment with possessing a prohibited object (two sharpened metal rods) while the inmate of a prison, in violation of 18 U.S.C. § 1791(a)(2) and (b)(3). Mosely pled guilty to the single charge of the indictment pursuant to a written plea agreement. The district court sentenced Mosely to 60 months' imprisonment, three years' supervised release, and a special assessment of $100.

A defendant may appeal a sentence imposed under the sentencing guidelines if the sentence "(1) was imposed in violation of law;

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range. . . ." 18 U.S.C. § 3742(a). This court reviews an issue raised on appeal that was not raised in the lower court for plain error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1995)(en banc).

In the PSR, the probation officer established Mosely's base offense level at 13. Mosely's offense level was determined to be 17 because he was deemed a "career offender." See § 4B1.1. This determination was based, in part, on two 1973 convictions for armed robbery. One conviction was for federal armed robbery in Kentucky for which Mosely was sentenced to 25 years. The other was for armed robbery in Georgia for which Mosely received ten years imprisonment.

Mosely argues that his sentence based on his being a "career offender" was in error. He contends that the PSR erroneously included his 1973 conviction for armed robbery in Georgia in the calculation of his criminal history category and his offense level as a career offender. The government agrees with Mosely's position. As Mosely did not raise this issue in the district court, it is reviewed for plain error. Calverley, 37 F.3d at 162-64.

The sentencing guidelines provide that a person is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1.  The application notes to § 4B1.2, which defines the terms of § 4B1.1, indicate that the provisions of § 4A1.2 apply in determining which convictions count for purposes of the career offender enhancement.  See § 4B1.2, comment. (n.3).  Section 4A1.2(e)(1) provides that a felony conviction is only counted if it was imposed or the defendant was incarcerated during the 15-year period preceding the date of the instant offense.  Mosely committed the instant offense on December 23, 1997.  In order for a conviction to count under § 4A1.2(e)(1), Mosely would have had to been imprisoned for the conviction between December 1982 and December 1997.  For the Georgia conviction, Mosely received a ten-year sentence and was released in June 1980.  Thus, he was not imprisoned for this conviction during the requisite time period.  Accordingly, the district court committed plain error in using the Georgia conviction to enhance Mosely's sentence as a career offender.

A remand to the district court is in order whenever a sentence has been imposed as a result of an incorrect application of the Guidelines.  Williams v. United States, 503 U.S. 193, 202 (1992).  Remand is appropriate unless the reviewing court concludes that, based on the record as a whole, the error was harmless.  Id. at

3

203.  In order to meet this burden, there must be specific, convincing evidence in the record that the district court had a particular sentence in mind and would have imposed it notwithstanding the error made in calculating the guideline range. United States v. Huskey, 137 F.3d 283, 289 (5th Cir. 1998).  While there is evidence in the record which indicates that the district court may have intended to impose the five-year sentence irrespective of the calculation error, it did not specifically state that this was its intention.  In addition, the government concurs with Mosely that remand is appropriate in this case. Accordingly, we order that the sentence imposed on Mosely be VACATED, and we REMAND this case to the district court for resentencing.

VACATED and REMANDED.